| | |
|---|---|
| 1 | GREEN & HALL, A PROFESSIONAL CORPORATION |
|   | Howard D. Hall, Esq. (State Bar No. 145024) |
| 2 | Macey A. Chan, Esq. (State Bar No. 258470) |
|   | 1851 East First Street, 10th Floor |
| 3 | Santa Ana, California 92705-4052 |
|   | Telephone: (714) 918-7000 |
| 4 | Facsimile: (714) 918-6996 |
|   | E-Mail: hdhall@greenhall.com |
| 5 |         mchan@greenhall.com |
| 6 | Attorneys for Defendants |
|   | AURORA COMMERCIAL CORPORATION |
| 7 | erroneously sued as AURORA BANK, FSB; |
|   | NATIONSTAR MORTGAGE, LLC; U.S. BANK, |
| 8 | N.A., AS TRUSTEE FOR LEHMAN XS TRUST |
|   | MORTGAGE PASS-THROUGH CERTIFICATES, |
| 9 | SERIES 2007-10H |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH SNYDER; CALLIE SNYDER, | ) | Case No. SACV14-00025 AG (ANx) |
| Plaintiffs, | ) | HON: Hon. Andrew J. Guilford |
|  | ) | CTRM: 10D |
| vs. | ) | |
|  | ) | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION, NATIONSTAR MORTGAGE LLC AND U.S. BANK, N.A., AS TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| AURORA BANK, FSB; NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A. AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10H; IRES CO., | ) | |
| Defendants. | ) | |
|  | ) | [Filed concurrently with Request for Judicial Notice and [Proposed] Order] |
|  | ) | DATE: March 31, 2014 |
|  | ) | TIME: 10:00 a.m. |
|  | ) | CTRM: 10D |
|  | ) | Action filed: January 7, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 31, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants AURORA

1  COMMERCIAL CORPORATION erroneously sued as AURORA BANK, FSB
2  ("Aurora"); NATIONSTAR MORTGAGE, LLC ("Nationstar"); and U.S. BANK, N.A., AS
3  TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH
4  CERTIFICATES, SERIES 2007-10H ("U.S. Bank" and collectively "Defendants") will
5  bring for hearing before the Honorable Andrew J. Guilford, United States District Judge, in
6  Courtroom 10D of the United States Courthouse located at 411 West Fourth Street, Santa
7  Ana, California 92701, a Motion to Dismiss the Complaint filed by Plaintiffs KEITH
8  SNYDER and CALLIE SNYDER ("Plaintiffs")

9      Defendants move the Court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P.
10  12(b)(6) on the grounds that the Complaint fails to state any claim against Defendants upon
11  which relief may be granted.

12      By this Motion, Nationstar seeks an Order from the Court granting the following
13  relief:

14      1.    Dismissing Aurora and Nationstar from Plaintiffs' *First Cause of Action for*
15  *Slander of Title*, because Plaintiffs have failed to state a claim against Aurora or Nationstar
16  upon which relief may be granted.

17      2.    Dismissing Aurora and Nationstar from Plaintiffs' *Second Cause of Action*
18  *for Deceptive Acts and Practices*, because Plaintiffs have failed to state a claim against
19  Aurora or Nationstar upon which relief may be granted.

20      3.    Dismissing U.S. Bank from Plaintiffs' *Third Cause of Action for Consumer*
21  *Credit Protection Act Violations*, because Plaintiffs have failed to state a claim against U.S.
22  Bank upon which relief may be granted.

23      4.    Dismissing Aurora and Nationstar from Plaintiffs' *Fourth Cause of Action*
24  *for Fair Credit Reporting Action Violations*, because Plaintiffs have failed to state a claim
25  against Aurora or Nationstar upon which relief may be granted.

26      This Motion is based on this Notice of Motion and Motion, the incorporated
27  Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently
28

2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANTS
AURORA COMMERCIAL CORPORATION, NATIONSTAR MORTGAGE LLC AND U.S. BANK, N.A., AS
S:\Nationstar.Snyder\Pleadings\Motion to Dismiss Complaint.doc

herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

    This Motion is made following defense counsel's conference of counsel pursuant to L.R. 7-3, which took place on February 14, 2014 and February 20, 2014.

Dated: February 25, 2014

GREEN & HALL, A PROFESSIONAL CORPORATION

By: _____
Macey A. Chan, Esq.
Attorneys for Defendants
AURORA COMMERCIAL CORPORATION erroneously sued as AURORA BANK, FSB; NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A., AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10H

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION, NATIONSTAR MORTGAGE LLC AND U.S. BANK, N.A., AS
S:\Nationstar.Snyder\Pleadings\Motion to Dismiss Complaint.doc

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. SUMMARY OF FACTUAL BACKGROUND.................................................. 2

III. DISCUSSION ...................................................................................................... 3

    A. The Applicable Legal Standard ............................................................... 3

    B. Dismissal of All Claims Asserted Against Defendants is Warranted Under Rule 12(b)(6) .............................................................. 4

    C. Plaintiffs' First Cause of Action for Slander of Title Fails as to Aurora and Nationstar ............................................................................. 5

    D. Plaintiffs' Second Cause of Action for Deceptive Acts and Practices Fails as to Aurora and Nationstar ............................................ 6

        1. No "fair notice" ............................................................................. 6

        2. No standing ................................................................................... 7

    E. Plaintiffs' Third Cause of Action for Consumer Credit Protection Act Violations Fails as to U.S. Bank ..................................... 8

    F. Plaintiffs' Claim for Fair Credit Reporting Act Violations Fails ........... 9

IV. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................. 3

*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*
459 U.S. 519 (1983) .............................................................................................. 4

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) ............................................................................... 3

*Bank of America, N.A. v. La Jolla Group II*
129 Cal. App. 4th 706 (2005) .............................................................................. 4

*Beach v. Ocwen Fed. Bank*
523 U.S. 410 (1998) .............................................................................................. 8

*Bell Atlantic Corporation v. Twombly*
550 U.S. 544, 127 S.Ct. 1955 (2007) ................................................................. 3

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
20 Cal. 4th 163 (1999) .......................................................................................... 6

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197 (1983) ................................................................................................................. 7

*Daro v. Superior Court*
151 Cal. App. 4th 1079 (2007) ............................................................................ 8

*Durning v. First Boston Corp.*
815 F.2d 1265 (9th Cir. 1987) ............................................................................. 3

*Emery v. Visa Internat. Service Ass'n*
95 Cal. App. 4th 952 (2002) ................................................................................ 7

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011) ............ 5

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir 2009) ................ 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
896 F.2d 1542 (9th Cir. 1990) ............................................................................. 3

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App. 497 (2013) ..................... 6

*Khoury v. Maly's of Calif., Inc.*
14 Cal. App. 4th 612 (1993) ................................................................................ 7

*Moeller v. Lien*
25 Cal. App. 4th 822 (1994) ........................................................................... 4, 5

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

*Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057 (9th Cir 2002) ........................ 10

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*
  104 Cal. App. 4th 508 (2002) ................................................................................ 7

*Seeley v. Seymour*, 190 Cal.App.3d 844 (1987) ................................................................ 6

*Siliga v. Mortgage Electronic Registrations, Inc.* 219 Cal.App.4th 75 (2013) .................... 5

*Spencer v. DHI Mortgage Company, Ltd.*
  642 F. Supp. 2d 1153 (E.D. Cal. 2009) .............................................................. 4, 5

*Stalberg v. W. Title Ins. Co.*
  27 Cal.App.4th 925 (1194) ................................................................................... 6

*Wood v. Greenberry Financial Services, Inc.*, 907 F. Supp. 2d 1165 (D. Haw
  2012) .................................................................................................................. 10

**Statutes**

15 U.S.C. § 1602(f) ............................................................................................................ 9

15 U.S.C. § 1681 .............................................................................................................. 10

*Bus. & Prof. Code* § 17204 ................................................................................................ 8

Cal. Civ. Code § 2924 ........................................................................................................ 5

Cal. Civ. Code § 2924(a)(1) ........................................................................................... 5, 6

Cal. Civ. Code § 2924b(b)(4) ......................................................................................... 5, 6

Cal. Civ. Code §§ 2924 through 2924k ............................................................................ 4

Fed. R. Civ. P. 10(c) .......................................................................................................... 3

Fed. R. Civ. P. Rule 8 ........................................................................................................ 1

**Other Authorities**

Consumer Credit Protection Act (15 USC Chapter 41 - 1641(g)) ..................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Keith Snyder and Callie Snyder's (collectively "Plaintiffs") Complaint is a puzzle-pleading leaving Defendants Aurora Commercial Corporation erroneously sued as Aurora Bank, FSB ("Aurora"); Nationstar Mortgage, LLC ("Nationstar"); and U.S. Bank, N.A. as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-10H ("U.S. Bank" and collectively "Defendants") to guess what allegations form the basis of each of the claims. Plaintiffs' Complaint falls far short of a "short and simple statement" as required by F.R.C.P. Rule 8.

Plaintiffs have failed to state a single viable cause of action against Defendants. In sum, Plaintiffs' entire lawsuit is based on the erroneous contention that the Notice of Default and Notices of Trustee's Sale are void because Aurora did not have personal knowledge of the default or authority to record those documents. Plaintiffs' contentions, however, are contrary to the statutory authority governing non-judicial foreclosures. Indeed, a non-judicial foreclosure can be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents by recording the notice of default or the notice of sale. In addition, Plaintiffs cannot seek declaratory relief to determine whether Defendants had the authority to initiate non-judicial foreclosure proceedings. As such, Plaintiffs' Complaint is fatally defective.

Further, Plaintiffs' remaining claims are inadequately pled. For example, Plaintiffs' claim regarding the Truth in Lending Act ("TILA") and Fair Credit Reporting Act ("FCRA") are based on legal conclusions. Plaintiffs do not allege any facts to plead that any inaccurate information was reported to any credit reporting agency. In fact, Plaintiffs do not deny defaulting on their obligations under the subject deed of trust and Plaintiffs do not allege they have cured their arrearages and default amount. Likewise, Plaintiffs fail to allege any facts that would trigger the requirements under TILA. Plaintiffs' puzzle-pleading fails again and Defendants respectfully request that their Motion to Dismiss Plaintiffs' Complaint be granted in its entirety, with prejudice.

## II. SUMMARY OF FACTUAL BACKGROUND

According to the Complaint, Plaintiffs obtained a loan in the amount of $603,500 on or around April 13, 2007 in connection with the property located at 8792 Anthony Drive, Huntington Beach, California 92647 (the "Subject Property"). *See* Complaint, Exhibit A; *see also*, Request for Judicial Notice ("RJN") Exhibit 1. In connection with the subject loan and deed of trust, a Corporate Assignment of Deed of Trust was recorded on December 6, 2011. *See* Complaint, Exhibit G; *see also*, RJN Exhibit 2. Also, the Wolf Law Firm was substituted as trustee pursuant to the Substitution of Trustee recorded on January 18, 2012. *See* RJN, Exhibit 3.

Plaintiffs do not deny defaulting on their obligations under the subject loan and a Notice of Default and Notice of Trustee's Sale were recorded against the Subject Property. *Id.* at Exhibit J; *see also*, RJN Exhibits 4-5. Thereafter, on June 26, 2013, a Corporate Assignment of Deed of Trust was recorded and all beneficial interest in the loan was assigned to Nationstar. *See* Complaint, Exhibit N; *see also*, RJN Exhibit 6. On October 2, 2013, a second Notice of Trustee's Sale was recorded against the Subject Property, setting a non-judicial foreclosure sale for November 5, 2013. *See* Complaint, Exhibit O; *see also*, RJN Exhibit 7.

According to Plaintiffs there was "a lack of personal knowledge required to declare a default, or order a Notice of Trustee's Sale. *See* Complaint, 2:24. Plaintiffs also contend that "Defendants have provided no evidence to prove [U.S. Bank] to be the party holding true legal ownership of the subject Note." *Id.* at 3:23. In addition, Plaintiffs allege violations of the Truth in Lending Act ("TILA") and Fair Credit Reporting ("FCRA") as a result of lack of disclosures and erroneous credit reporting. *Id.* at 5:5-12. Based on these hollow contentions, Plaintiffs allege that Defendants "cannot demonstrate that it can satisfy the legal prerequisite to…maintain a foreclosure action on the [Subject] Property[.]" *Id.* at 4:10-11.

///

///

## III. DISCUSSION

### A. The Applicable Legal Standard

The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.] . . ." The United States Supreme Court, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-examined this standard in the context of an antitrust case. The Court held that plaintiffs could not satisfy Rule 8(a)(2) with mere conclusory statements; rather, plaintiffs must include sufficient factual allegations to make a claim ***at least plausible, as opposed to merely possible***. Thus, under Rule 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. *Twombly*, 550 U.S. at 555-56; *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court reiterated that the pleading standards articulated in *Twombly* apply to ***all*** civil actions. Clearly, if plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In addition, material properly submitted with a complaint (*e.g.*, exhibits under Fed. R. Civ. P. 10(c)) may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). A court may disregard allegations in the body of a complaint if those allegations are contradicted by facts established by reference to documents attached to the complaint as exhibits. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

When the foregoing authorities are applied to Plaintiffs' Complaint, it becomes clear that the Complaint should be dismissed, with prejudice, as to Defendants.

///

///

3

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION, NATIONSTAR MORTGAGE LLC AND U.S. BANK, N.A., AS

S:\Nationstar.Snyder\Pleadings\Motion to Dismiss Complaint.doc

### B. Dismissal of All Claims Asserted Against Defendants is Warranted Under Rule 12(b)(6)

In the Complaint, Plaintiffs fail to make *any* substantive allegations of wrongdoing by Defendants. The Complaint fails to offer even a formulaic recitation as to any alleged wrongdoing by Defendants. It is not appropriate for a court to assume that a plaintiff "can prove facts which [plaintiff] has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Because the Complaint utterly fails to allege how Defendants violated any of the laws identified in the Complaint, Plaintiffs' claims against Defendants should be dismissed.

Simply stated, California's non-judicial foreclosure process is governed by a comprehensive and exhaustive statutory framework, which is contained in California *Civil Code* sections 2924 through 2924k. *See, e.g., Spencer v. DHI Mortgage Company, Ltd.*, 642 F. Supp. 2d 1153, 1166 (E.D. Cal. 2009) (citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994)). One of the California Legislature's purposes in establishing the non-judicial foreclosure process was to ensure that a properly conducted foreclosure sale constitutes a final adjudication of the rights of the borrower and lender. The laws demonstrate the legislative intent to establish an equitable tradeoff of protections and limitations. Thus, the statutory scheme has long contained a myriad of rules relating to standing, notice, and a borrower's right to cure. *See id.*

Accordingly, a non-judicial foreclosure sale in California is entitled to a common law presumption that the sale was conducted regularly and fairly. *See, e.g., Bank of America, N.A. v. La Jolla Group II*, 129 Cal. App. 4th 706, 713 (2005). For these reasons, any successful challenge to a non-judicial foreclosure sale requires Plaintiffs to plead and prove that Nationstar somehow failed to comply with the procedural requirements for a non-judicial foreclosure sale, and a demonstration that Plaintiffs suffered *prejudice* as a result of such failure.

///

Plaintiffs' Complaint fails to show that Defendants violated the comprehensive and exhaustive statutory framework governing non-judicial foreclosures in California. Thus, *even if* Defendants had committed some procedural irregularity to date, the Complaint fails to plead that Plaintiffs have suffered any prejudice resulting therefrom.

Clearly, under California *Civil Code* section 2924, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Spencer*, 642 F. Supp. 2d at 1166 (quoting *Moeller*, 25 Cal. App. 4th at 830). Moreover, in California, non-judicial foreclosure can be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents by recording the notice of default or the notice of sale. *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4). Further, California law does not require that the beneficiary demonstrate that it was authorized by the principal (i.e. lender) to exercise any of its powers under the Deed of Trust, including foreclosure. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155-1156 (2011). Further, MERS being nominee beneficiary under the deed of trust is sufficient to give it the right to foreclose and "[t]he authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust." *Siliga v. Mortgage Electronic Registrations, Inc.* 219 Cal.App.4th 75, 84 (2013).

Here, the statutorily prescribed procedure was followed. *See* Complaint, Exhibit J, O; *see also*, RJN, Exhibits 2-5, 7. The Notice of Default was recorded by the trustee, thus, the statutorily prescribed procedure was followed. *See* RJN, Exhibit 4. Moreover, Plaintiffs' contention that MERS was unable to make a valid assignment to Aurora is not supported by the plain language of the Deed of Trust. *See* RJN, Exhibit 1; *see also*, Complaint, Exhibit A. Plaintiffs' Complaint does not – and, in good faith, cannot – allege otherwise. Therefore, all of Plaintiffs' claims against Defendants should be dismissed.

C. **Plaintiffs' First Cause of Action for Slander of Title Fails as to Aurora and Nationstar**

Plaintiffs' first cause of action for slander of title fails as to Aurora and Nationstar. Clearly, Plaintiffs fail to allege the essential elements of a slander of title claim, let alone

any facts against Aurora or Nationstar in support thereof. "Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. W. Title Ins. Co.*, 27 Cal.App.4th 925, 930 (1994) (citations omitted). The elements of this tort are: (1) publication; (2) absence of justification; (3) falsity; and (4) direct pecuniary loss. *Seeley v. Seymour*, 190 Cal.App.3d 844, 858 (1987).

In the Complaint, Plaintiffs do not – and, in good faith, cannot – allege any facts to support the conclusion that Aurora or Nationstar caused any non-judicial foreclosure document to be recorded against the Subject Property without justification. As discussed above in section III.B., the non-judicial foreclosure documents were recorded in accordance with California's statutory framework and there is no requirement to either: (1) prove ownership of the note to initiate non-judicial foreclosure; or (2) have personal knowledge to declare a default. *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4); *see also, Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App. 497, 513 (2013). In fact, Plaintiffs do not deny defaulting and falling behind on their obligations under the subject loan. As such, Aurora and Nationstar's Motion to Dismiss should be granted.

### D. Plaintiffs' Second Cause of Action for Deceptive Acts and Practices Fails as to Aurora and Nationstar

Plaintiffs' second cause of action is for Deceptive Acts and Practices and seeks to invoke the statutory authority set forth in Business and Professions Code section 17200 *et seq.* (the "UCL"). Plaintiffs' puzzle-pleading, however fails to provide Aurora and Nationstar with fair notice of the basis for this cause of action and fails to demonstrate that they have standing to bring this cause of action.

#### 1. No "fair notice"

Under the UCL, unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." *See Cal. Bus. & Prof. Code* § 17200. An act is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law. *See Cel-Tech Communications, Inc. v.*

*Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Id.* at 187. A practice is "fraudulent" if members of the public are likely to be deceived. *See Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

Additionally, a plaintiff alleging unfair business practices under the unfair competition statutes "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Calif., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Further, the concept of vicarious liability has no application to actions brought under the UCL; rather, a defendant's liability must be based on its participation in the unlawful practices and unbridled control over the practices. *Emery v. Visa Internat. Service Ass'n*, 95 Cal. App. 4th 952, 960 (2002).

Plaintiffs' allegations under the UCL fail because the Complaint does not put Aurora or Nationstar on notice of the claim(s) being asserted against it. Indeed, Plaintiffs' Complaint simply restates inapplicable legal authorities and makes conclusory allegations about TILA and FCRA. Also as discussed in section III.B., Plaintiffs' Complaint misinterprets California's statutory framework governing non-judicial foreclosures.

Moreover, Plaintiffs fail to allege violation of any federal, state or local law or policy by Nationstar to serve as the predicate for recovery under the UCL. *See, e.g., People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508 (2002). As discussed herein, Plaintiffs' claims regarding TILA, FCRA, and non-judicial foreclosure are contrary to statutory authority. Likewise, Plaintiffs do not allege any purportedly fraudulent conduct by Nationstar or Aurora. On this basis alone, Plaintiffs' second cause of action is fatally deficient.

### 2. No standing

Similarly, Plaintiffs' second cause of action fails as to Nationstar and Aurora because Plaintiffs have not pled – and, in good faith, cannot plead – that they lost money or

1 property *as a result of* any "unfair competition" by Nationstar or Aurora. *See* Complaint,
2 generally. In fact, the Subject Property has not been sold at a non-judicial foreclosure sale.
3 *See* RJN, Exhibits 1-7. Clearly, "a private person has standing to sue under the [unfair
4 competition law] only if that person has suffered injury *and* lost money or property '*as a*
5 *result of* such unfair competition.'" *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098
6 (2007) (citing *Cal. Bus. & Prof. Code* § 17204). Simply put, Plaintiffs have not lost the
7 Subject Property in a trustee's sale, nor have Plaintiffs demonstrated that Nationstar or
8 Aurora obtained any money from Plaintiffs in a manner *unauthorized* by Plaintiffs' Note or
9 Deed of Trust. Plaintiffs' second cause of action should be dismissed, with prejudice, as to
10 Nationstar and Aurora.

11      E. **Plaintiffs' Third Cause of Action for Consumer Credit Protection Act**
12             **Violations Fails as to U.S. Bank**

13      Plaintiffs' puzzle-pleading fails to direct this Court or any party as to which
14 allegations pertain to the third cause of action. It appears, however, that Plaintiffs are
15 attempting to allege a violation of TILA. Specifically, Plaintiffs allege that U.S. Bank
16 "failed to notify the borrower of their ownership, violating the Consumer Credit Protection
17 Act (15 USC Chapter 41 - 1641(g))[.]" *See* Complaint, 5:5-7. Plaintiffs do not allege any
18 other facts in support of the third cause of action.

19      To begin, TILA "requires creditors to provide borrowers with clear and accurate
20 disclosures of terms dealing with things like finance charges, annual percentage rates of
21 interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).
22 Failure to satisfy TILA's requirements exposes a lender to "statutory and actual damages
23 [that are] traceable to a lender's failure to make the requisite disclosures." *Id.*

24      The term "creditor," however, "refers only to a person who both: (1) regularly
25 extends, whether in connection with loans, … or otherwise, consumer credit which is
26 payable by agreement in more than four installments or for which the payment of a finance
27 charge is or may be required, and (2) is the person to whom the debt arising from the
28

consumer credit transaction is initially payable on the face of the evidence of indebtedness, or ... by agreement." 15 U.S.C. § 1602(f).

Plaintiffs, however, do not allege that U.S. Bank is a creditor under the statute. Instead, Plaintiffs challenge U.S. Bank's involvement in the loan. In fact, Plaintiffs allege that "Defendants have provided no evidence to prove USB to be the party holding the true legal ownership of the subject Note." *See* Complaint, 3:22-24. Even if Plaintiffs alleged that the statute is applicable to U.S. Bank, Plaintiffs do not allege any facts to apprise U.S. Bank of when the alleged violation occurred. Plaintiffs do not allege any facts that would trigger the notification requirement. For example, Plaintiffs not allege there was a different owner before or after U.S. Bank. Further, Plaintiffs do not allege when the alleged violation occurred. Because Plaintiffs have not alleged facts to support the third cause of action, Plaintiffs' TILA claim fails. Plaintiffs' third cause of action should be dismissed, with prejudice, as to U.S. Bank.

### F. <u>Plaintiffs' Claim for Fair Credit Reporting Act Violations Fails</u>

In support of Plaintiffs' fourth cause of action for violation Fair Credit Reporting Act, Plaintiffs allege that Aurora and Nationstar have "materially and willfully misrepresented information about Plaintiffs to Experian in violation of the Fair Credit Reporting Act[.]" *See* Complaint, 5:10-11. Specifically, Plaintiffs allege that the account is erroneously being reported as "BANK ADJUSTMENT/DEED IN LIEU/BANK LIQUIDATION." *Id.* Plaintiffs also vaguely refer to other "various inaccuracies as to the purported account balance." *Id.*

First, Plaintiffs fail to plead that Aurora or Nationstar provided any inaccurate information to Experian, or to any other credit reporting agency. Indeed, Plaintiffs do not deny defaulting on their obligations under the loan. In fact, Plaintiffs do not dispute the amounts owed and in arrears as identified in the Notice of Default or Notice of Trustee Sale, as attached to the Complaint. *See* Complaint, Exhibits J, O. Second, Plaintiffs' Complaint does not allege any facts as to the alleged "account balance inaccuracies."

Accordingly, Plaintiffs do not — and cannot — plead that their loan is not subject to negative reporting.

Further, with respect to FCRA, Plaintiffs fail to plead any violation of 15 U.S.C. § 1681s-2 by Nationstar or Aurora. *See* Complaint, generally. Indeed, "pursuant to 15 U.S.C. § 1681s-2(a), furnishers of credit information have a duty to provide accurate information to a credit reporting agency." *Wood v. Greenberry Financial Services, Inc.*, 907 F. Supp. 2d 1165, 1178 (D. Haw. 2012) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009)). These duties, however, are enforceable only by federal and state agencies. *Id.* (citing *Gorman*, 584 F.3d at 1154). *See also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); 15 U.S.C. § 1681s-2(d) (noting that duties created under section 1681s-2(a) are enforced exclusively by federal agencies and officials and state officials).

An individual may bring a private cause of action only under 15 U.S.C. § 1681s-2(b), where the furnisher is given notice from a credit reporting agency of a dispute and fails to investigate within specified time limits. *Wood*, 907 F. Supp. 2d at 1178; *see also Gorman*, 584 F.3d at 1154 ("These duties arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)."). In other words, it is only after (1) a consumer has notified a credit reporting agency of an inaccuracy, (2) the agency has notified the furnisher, and (3) the furnisher has failed to take action, that a consumer may sue the furnisher. *Wood*, 907 F. Supp. 2d at 1178 (internal alteration and quotation marks omitted).

In the Complaint, Plaintiffs make no allegation that they notified Experian of a dispute concerning derogatory credit items, *that Experian then notified Aurora or Nationstar*, and that Aurora and Nationstar failed to take action. *See* Complaint, generally. Indeed, Plaintiffs' Complaint simply concludes that there was a violation without alleging an facts in support thereof. Plaintiffs' fourth cause of action should be dismissed, with prejudice, as to Aurora and Nationstar.

## IV. CONCLUSION

For the reasons set forth herein, it is respectfully requested that the Court grant this Motion and dismiss Plaintiffs' Complaint in its entirety, with prejudice, as to Defendants.

Dated: February 25, 2014

GREEN & HALL, A PROFESSIONAL CORPORATION

By: _____
Howard D. Hall, Esq.
Macey A. Chan, Esq.
Attorneys for Defendants
AURORA COMMERCIAL CORPORATION erroneously sued as AURORA BANK, FSB; NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A., AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10H

1 | GREEN & HALL, A PROFESSIONAL CORPORATION
Howard D. Hall, Esq. (State Bar No. 145024)
2 | Macey A. Chan, Esq. (State Bar No. 258470)
1851 East First Street, 10th Floor
3 | Santa Ana, California 92705-4052
Telephone: (714) 918-7000
4 | Facsimile: (714) 918-6996
E-Mail: hdhall@greenhall.com
5 | mchan@greenhall.com

6 | Attorneys for Defendants
AURORA BANK, FSB; NATIONSTAR MORTGAGE,
7 | LLC; U.S. BANK, N.A., AS TRUSTEE FOR
LEHMAN XS TRUST MORTGAGE PASS-
8 | THROUGH CERTIFICATES, SERIES 2007-10H

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KEITH SNYDER; CALLIE SNYDER, | ) Case No. SACV12-00025 AG (ANx) |
|---|---|
| Plaintiffs, | ) HON: Hon. Andrew J. Guilford |
| | ) CTRM: 10 |
| vs. | ) **PROOF OF SERVICE** |
| AURORA BANK, FSB; NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A. AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10H; IRES CO., | ) Action Filed: January 7, 2014 |
| Defendants. | ) |

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1851 E. First Street, 10th Floor, Santa Ana, California 92705.

On February 25, 2014, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION, NATIONSTAR MORTGAGE LLC AND U.S. BANK, N.A., AS TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

---
PROOF OF SERVICE

S:\Nationstar.Snyder\Pleadings\POS.doc

1 on the interested parties in this action by placing true copies thereof enclosed in sealed
2 envelopes addressed as follows:

M. Ali Salimi, Esq.
One Park Plaza
Sixth Floor
Irvine, CA 92614
949-852-4435
310-869-5029 Cell
**Attorney For Plaintiffs**

**BY MAIL:** I am "readily familiar" with Green & Hall's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Santa Ana, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 25, 2014, at Santa Ana, California.

Carina Arreola Gallardo

2
PROOF OF SERVICE

S:\Nationstar.Snyder\Pleadings\POS.doc