GREEN & HALL, A Professional Corporation
HOWARD D. HALL, State Bar No. 145024
hhall@greenhall.com
MACEY A. CHAN, State Bar No. 258470
mchan@greenhall.com
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendants AURORA COMMERCIAL CORPORATION erroneously sued as AURORA COMMERCIAL BANK and NATIONSTAR MORTGAGE, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEITH SNYDER; CALLIE SNYDER,

Plaintiffs,

vs.

AURORA COMMERCIAL BANK, NATIONSTAR MORTGAGE, LLC, IRES CO.

Defendant.

Case No. SACV14-00025 AG (ANx)

HON: Hon. Andrew J. Guilford
CTRM: 10D

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION AND NATIONSTAR MORTGAGE LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Filed Concurrently with Request for Judicial Notice and [Proposed] Order

DATE: June 2, 2014
TIME: 10:00 a.m.
CRTRM.: 10D

Action filed: January 7, 2014

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION AND NATIONSTAR MORTGAGE LLC
P:\DOCS\Nationstar.Snyder\Pleadings\MTD FAC w TOC & TOA.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 2, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants AURORA COMMERCIAL CORPORATION erroneously sued as AURORA COMMERCIAL BANK ("Aurora") and NATIONSTAR MORTGAGE, LLC ("Nationstar" and collectively "Defendants") will bring for hearing before the Honorable Andrew J. Guilford, United States District Judge, in Courtroom 10D of the United States Courthouse located at 411 West Fourth Street, Santa Ana, California 92701, a Motion to Dismiss the First Amended Complaint filed by Plaintiffs KEITH SNYDER and CALLIE SNYDER ("Plaintiffs")

Defendants move the Court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the First Amended Complaint fails to state any claim against Defendants upon which relief may be granted.

By this Motion, Defendants seek an Order from the Court granting the following relief:

1. Dismissing Aurora and Nationstar from Plaintiffs' ***Cause of Action for Slander of Title***, because Plaintiffs have failed to state a claim against Aurora or Nationstar upon which relief may be granted.

2. Dismissing Aurora and Nationstar from Plaintiffs' ***Cause of Action for Declaratory Relief***, because Plaintiffs have failed to state a claim against Aurora or Nationstar upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

///

///

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

2 Case No. SACV14-00025 AG (ANx)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION AND NATIONSTAR MORTGAGE LLC

P:\DOCS\Nationstar.Snyder\Pleadings\MTD FAC w TOC & TOA.docx

This Motion is made following defense counsel's conference of counsel pursuant to L.R. 7-3, which took place on April 3, 2014.

DATED: April 18, 2014

GREEN & HALL, A Professional Corporation

By: [signature]
Howard D. Hall
Macey A. Chan
Attorneys for AURORA COMMERCIAL CORPORATION erroneously sued as AURORA COMMERCIAL BANK and NATIONSTAR MORTGAGE, LLC

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. PROCEDURAL HISTORY AND BACKGROUND ..... 1

A. Factual Background ..... 1

B. Procedural History ..... 2

III. DISCUSSION ..... 3

A. The Applicable Legal Standard ..... 3

B. Dismissal of All Claims Asserted Against Defendants is Warranted Under Rule 12(b)(6) ..... 4

C. Plaintiffs' First Amended Complaint is an Impermissible Challenge to Defendants' Rights to Foreclose ..... 4

D. Plaintiffs' Cause of Action for Slander of Title Fails as to Aurora and Nationstar ..... 7

E. Plaintiffs' Cause of Action for Declaratory Relief Fails as to Aurora and Nationstar ..... 8

IV. CONCLUSION ..... 9

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**Page**

## CASES

*Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 453 (1997) ..... 9

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155-1156 (2011) ..... 5, 7

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013) ..... 5, 6, 8

*Seeley v. Seymour*, 190 Cal.App.3d 844, 858 (1987) ..... 7

*Siliga v. Mortgage Electronic Registrations, Inc*. 219 Cal.App.4th 75, 84 (2013) ..... 7

*Stalberg v. W. Title Ins. Co.*, 27 Cal.App.4th 925, 930 (1994) ..... 7

## FEDERAL CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ..... 3

*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ..... 4

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ..... 3

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007) ..... 3, 4

*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) ..... 4

*Earnest v. Lowenritt*, 690 F.2d 1198, 1203 (5th Cir. 1982) ..... 8

*Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2001) ..... 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990) ..... 4

*International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980) ..... 8

*Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ..... 6

*Spencer v. DHI Mortgage Company, Ltd.*, 642 F. Supp. 2d 1153, 1166 (E.D. Cal. 2009) (citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994)) ..... 5

ii

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION AND NATIONSTAR MORTGAGE LLC

P:\DOCS\Nationstar.Snyder\Pleadings\MTD FAC w TOC & TOA.docx

GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

**STATUTES**

California *Civil Code* section 2924 .......... 5
California *Civil Code* sections 2924(a)(1), 2924b(b)(4) .......... 5, 8
*Civil Code* sections 2924 through 2924k .......... 5

**RULES**

Federal Rules of Civil Procedure 12(b)(6) .......... 3, 4
Federal Rules of Civil Procedure 8(a)(2) .......... 3
Federal Rules of Civil Procedure Rule 8 .......... 1

**MISCELLANEOUS**

Declaratory Judgment Act, 28 U.S.C. section 2201 .......... 8

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

iii
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION AND NATIONSTAR MORTGAGE LLC
P:\DOCS\Nationstar.Snyder\Pleadings\MTD FAC w TOC & TOA.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Keith Snyder and Callie Snyder's (collectively "Plaintiffs") First Amended Complaint is still a puzzle-pleading leaving Defendants Aurora Commercial Corporation erroneously sued as Aurora Commercial Bank ("Aurora") and Nationstar Mortgage, LLC ("Nationstar" and collectively "Defendants") to guess what claims are being alleged. Although Plaintiffs were given leave to amend their original Complaint, Plaintiffs' First Amended Complaint remains far short of a "short and simple statement" as required by F.R.C.P. Rule 8.

Plaintiffs' First Amended Complaint rests on the same deficient allegations of the Complaint and again, Plaintiffs have failed to state a single viable cause of action against Defendants. Plaintiffs' entire lawsuit is based on the erroneous contention that the Notice of Default and Notices of Trustee's Sale are void because Defendants did not have authority to record those documents. Plaintiffs' contentions, however, are contrary to the statutory authority governing non-judicial foreclosures. Indeed, a non-judicial foreclosure can be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents by recording the notice of default or the notice of sale.

In addition, Plaintiffs cannot seek declaratory relief to determine whether Defendants had the authority to initiate non-judicial foreclosure proceedings. Further, absent tender of the full amount of the monies borrowed, Plaintiffs cannot "void" the subject deed of trust or be discharged from their debt. As such, Plaintiffs' First Amended Complaint remains fatally defective. Plaintiffs' puzzle-pleading fails again and Defendants respectfully request that their Motion to Dismiss Plaintiffs' First Amended Complaint be granted in its entirety, with prejudice.

## II. PROCEDURAL HISTORY AND BACKGROUND

### A. Factual Background

According to the First Amended Complaint and exhibits filed with the original Complaint, Plaintiffs obtained a loan in the amount of $603,500 on or around April 13,

GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

2007 in connection with the property located at 8792 Anthony Drive, Huntington Beach, California 92647 (the "Subject Property"). *See* Complaint, Exhibit A; *see also*, Request for Judicial Notice ("RJN") Exhibit 1. In connection with the subject loan and deed of trust, a Corporate Assignment of Deed of Trust was recorded on December 6, 2011 wherein MERS assigned its beneficial interest in the deed of trust to Aurora Bank, FSB. *See* Complaint, Exhibit G; *see also*, RJN Exhibit 2. Also, the Wolf Law Firm was substituted as trustee pursuant to the Substitution of Trustee recorded on January 18, 2012. *See* RJN, Exhibit 3.

Plaintiffs do not deny defaulting on their obligations under the subject loan and a Notice of Default and Notice of Trustee's Sale were recorded against the Subject Property. *Id.* at Exhibit J; *see also*, RJN Exhibits 4-5. Instead, Plaintiffs simply contend that they do not owe any monies to Defendants. *See* FAC, 5:2. On June 26, 2013, a Corporate Assignment of Deed of Trust was recorded and all beneficial interest in the loan was assigned to Nationstar. *See* Complaint, Exhibit N; *see also*, RJN Exhibit 6. On October 2, 2013, a second Notice of Trustee's Sale was recorded against the Subject Property, setting a non-judicial foreclosure sale for November 5, 2013. *See* Complaint, Exhibit O; *see also*, RJN Exhibit 7.

According to Plaintiffs, Defendants "began their slander of title against the Property of the Plaintiff (sic) by recording a Corporate Assignment of Deed of Trust on 12/6/11[.]" *See* First Amended Complaint ("FAC"), 2:19-20. Plaintiffs contend that the subsequent Notice of Default, Assignment, and Notices of Trustee's sale also constitute slander of title as to the Subject Property. *Id.* at 2:21-22. Now, over two years after the Notice of Default was recorded, Plaintiffs seek "an order declaring the subject Note and Deed of Trust to be void and of no effect[.]" *See* FAC, 5:7-8. Based on these unsupported conclusions, Plaintiffs seek $422,500 in damages. *Id.* at 5:17-18.

**B. <u>Procedural History</u>**

Plaintiffs' First Amended Complaint mirrors Plaintiffs' fatally deficient Complaint. Plaintiffs have abandoned their claims regarding the Truth in Lending Act and the Fair

GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

Credit Reporting Act. In addition, Plaintiffs have dismissed their claims against U.S. Bank, N.A., as trustee. Previously, Defendants filed a Motion to Dismiss Plaintiffs' Complaint and Plaintiffs did not file an opposition. This Court granted Defendants' Motion to Dismiss and noted Defendants' "powerful arguments for dismissing Plaintiffs' Complaint." *See* Court Docket, No. 13.

Here, Plaintiffs' First Amended Complaint is still premised on the erroneous contention that the Notice of Default and Notices of Trustee's Sale are void because Aurora and Nationstar did not have authority to record those documents. Plaintiffs' First Amended Complaint fails to allege any new facts or cite to any legal authorities that could support such a conclusion. The fact still remains that a non-judicial foreclosure can be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents by recording the notice of default or the notice of sale.

## III. DISCUSSION

### A. The Applicable Legal Standard

The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.] . . ." The United States Supreme Court, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-examined this standard in the context of an antitrust case. The Court held that plaintiffs could not satisfy Rule 8(a)(2) with mere conclusory statements; rather, plaintiffs must include sufficient factual allegations to make a claim at least plausible, as opposed to merely possible. Thus, under Rule 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. *Twombly*, 550 U.S. at 555-56; *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court reiterated that the pleading standards articulated in *Twombly* apply to all civil actions. Clearly, if plaintiffs "have not nudged their claims across the line from

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In addition, material properly submitted with a complaint (e.g., exhibits under Fed. R. Civ. P. 10(c)) may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). A court may disregard allegations in the body of a complaint if those allegations are contradicted by facts established by reference to documents attached to the complaint as exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

When the foregoing authorities are applied to Plaintiffs' First Amended Complaint, it becomes clear that the First Amended Complaint should be dismissed, with prejudice, as to Defendants.

**B. Dismissal of All Claims Asserted Against Defendants is Warranted Under Rule 12(b)(6)**

In the First Amended Complaint, Plaintiffs fail to make any substantive allegations of wrongdoing by Defendants. The First Amended Complaint fails to offer even a formulaic recitation as to any alleged wrongdoing by Defendants. It is not appropriate for a court to assume that a plaintiff "can prove facts which [plaintiff] has not alleged or that the defendants have violated the … laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Because the First Amended Complaint utterly fails to allege how Defendants violated any of the laws identified in the First Amended Complaint, Plaintiffs' claims against Defendants should be dismissed.

**C. Plaintiffs' First Amended Complaint is an Impermissible Challenge to Defendants' Rights to Foreclose**

The crux of Plaintiffs' First Amended Complaint is that the Deed of Trust was improperly assigned to Defendants, and as a result, the Deed of Trust and all subsequent assignments of the Deed of Trust, Notices of Default, and Notices of Trustee's Sale are

GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

void and the underlying debt is void as well. Plaintiffs' accusations are entirely unsupported and impermissible under California law.

Simply stated, California's non-judicial foreclosure process is governed by a comprehensive and exhaustive statutory framework, which is contained in California *Civil Code* sections 2924 through 2924k. *See, e.g., Spencer v. DHI Mortgage Company, Ltd.*, 642 F. Supp. 2d 1153, 1166 (E.D. Cal. 2009) (citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994)). The laws demonstrate the legislative intent to establish an equitable tradeoff of protections and limitations. Thus, the statutory scheme has long contained a myriad of rules relating to standing, notice, and a borrower's right to cure. *See id.*

Clearly, under California *Civil Code* section 2924, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Spencer*, 642 F. Supp. 2d at 1166 (quoting *Moeller*, 25 Cal. App. 4th at 830). Moreover, in California, non-judicial foreclosure can be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents by recording the notice of default or the notice of sale. *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4).

Further, California law does not require that the beneficiary demonstrate that it was authorized by the principal (i.e. lender) to exercise any of its powers under the Deed of Trust, including foreclosure. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155-1156 (2011). In other words, a borrower has no standing whatsoever to challenge a foreclosing lender/servicer's authority to foreclose. *Id.* at 1154-55.

Importantly, alleged defects in the securitization of a loan secured by a deed of trust do not have any impact on the validity of the nonjudicial foreclosure proceedings initiated after a borrower's default under the loan. Because Plaintiffs are not a party to such a securitization transaction, they lack standing to assert any challenge based upon any alleged defects in that transaction. This precise issue was recently addressed by the Court of Appeal in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013). In *Jenkins*, the plaintiff attempted to challenge the validity of the nonjudicial foreclosure of her property based upon some claimed defect in the securitization of her loan. The court

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

rejected the plaintiff's claim, explaining:

> Jenkins's first cause of action attempts to construct a dispute between herself and Defendants with regard to the alleged improper transfer of the promissory note during the securitization process. However, even if the asserted improper securitization (or any other invalid assignments or transfers of the promissory note subsequent to her execution of the note on March 23, 2007) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.

*Id.* at 514-515 (internal citations omitted).

The Court of Appeal's opinion in *Jenkins* is in harmony with the numerous District Courts that have previously considered and rejected claims that the securitization of a loan somehow affects the validity of a foreclosure. *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("plaintiffs contend that none of the defendants have the authority to foreclose because their loan was packaged and resold in the secondary market, where it was put into a trust pool and securitized. The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2001) ("[plaintiff] asserts that defendants have no right to foreclose. [Plaintiff's] request for declaratory relief is based on the erroneous theory that all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool. This argument is both unsupported and incorrect.").

Here, Plaintiffs' theory is fundamentally flawed because it completely ignores the express provisions in the Deed of Trust, that establish that MERS has the right "to exercise any or all of [the] interests [of the lender] including, but not limited to, the right to

GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

foreclose and sell the Property." Plaintiffs do not dispute that they executed the Deed of Trust. Further, contrary to Plaintiffs' assertions, the status of MERS as the agent of the lender does not require it to demonstrate it was authorized by its principal to exercise any rights under the Deed of Trust. *Gomes*, 192 Cal.App.4th at 1149.

The terms of the Deed of Trust establish as a factual matter that MERS has the authority to exercise all of the rights and interests of the lender," which "necessarily includes the authority to assign the deed of trust." *Siliga v. Mortgage Electronic Registrations, Inc.* 219 Cal.App.4th 75, 84 (2013)

Here, the statutorily prescribed procedure was followed. *See* Complaint, Exhibit J, O; *see also*, RJN, Exhibits 2-5, 7. The Notice of Default was recorded by the trustee, thus, the statutorily prescribed procedure was followed. *See* RJN, Exhibit 4. Moreover, Plaintiffs' contention that MERS was unable to make a valid assignment to Aurora is not supported by the plain language of the Deed of Trust. *See* RJN, Exhibit 1; *see also*, Complaint, Exhibit A. Plaintiffs' First Amended Complaint does not – and, in good faith, cannot – allege otherwise. Therefore, all of Plaintiffs' claims against Defendants should be dismissed.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**D. <u>Plaintiffs' Cause of Action for Slander of Title Fails as to Aurora and Nationstar</u>**

Plaintiffs' cause of action for slander of title still fails as to Aurora and Nationstar. Clearly, Plaintiffs fail to allege the essential elements of a slander of title claim, let alone any facts against Aurora or Nationstar in support thereof. "Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. W. Title Ins. Co.*, 27 Cal.App.4th 925, 930 (1994) (citations omitted). The elements of this tort are: (1) publication; (2) absence of justification; (3) falsity; and (4) direct pecuniary loss. *Seeley v. Seymour*, 190 Cal.App.3d 844, 858 (1987).

In the First Amended Complaint, Plaintiffs do not – and, in good faith, cannot – allege any facts to support the conclusion that Aurora or Nationstar caused any non-

judicial foreclosure document to be recorded against the Subject Property without justification. As discussed above in sections III.B-C., the non-judicial foreclosure documents were recorded in accordance with California's statutory framework and there is no requirement to prove ownership of the note to initiate non-judicial foreclosure. *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4); *see also, Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App. 497, 513 (2013). In fact, Plaintiffs do not deny defaulting and falling behind on their obligations under the subject loan. As such, Aurora and Nationstar's Motion to Dismiss should be granted.

**E. <u>Plaintiffs' Cause of Action for Declaratory Relief Fails as to Aurora and Nationstar</u>**

Plaintiffs seek declaratory relief for an order: (1) "declaring that Defendants have no legal or equitable rights in the Note, Deed of Trust or the subject property"; (2) and "declaring the subject Note and Deed of Trust to be void[.]" *See* FAC, 5:6-9.

Plaintiff seemingly invokes the Declaratory Judgment Act, 28 U.S.C. section 2201 and must allege: (1) facts showing the existence of an actual controversy, (2) regarding a matter or claim that is otherwise within federal court subject matter jurisdiction. *See* 28 U.S.C. § 2201(a); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). Further, there is an implicit requirement that the "actual controversy" relate to a claim upon which relief could be granted. *See, e.g., Earnest v. Lowenritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

As demonstrated above, however, Plaintiffs have failed to assert an actual controversy over a claim upon which relief could be granted. Plaintiffs' allegations show their default under their obligations of the Deed of Trust and Defendants' compliance with statutory authority regarding non-judicial foreclosures. Accordingly, Plaintiffs' First Amended Complaint contains nothing upon which the Court may issue a declaratory judgment.

Moreover, there is no indication in the First Amended Complaint that Plaintiff has complied with California's well-settled "tender rule" and, for that reason, Plaintiff's

8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS AURORA COMMERCIAL CORPORATION AND NATIONSTAR MORTGAGE LLC
P:\DOCS\Nationstar.Snyder\Pleadings\MTD FAC w TOC & TOA.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

request for an order declaring the "Note and Deed of Trust to be void" fails. The principles of equity mandate that one who seeks relief in equity must also "do equity." *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 453 (1997).

Here, Plaintiffs seek to "void" the entire loan, in other words, have their entire $603,5000 loan forgiven and written off. *See* FAC, 5:7-8. As such, Plaintiffs must do equity by tendering the amount of the obligation, which is the $603,500 they obtained in connection with the Subject Property. Plaintiffs do not plead that they have tendered the indebtedness nor do they plead any ability to do so. Because Plaintiffs have not alleged facts to support the claim for declaratory relief, Plaintiffs' cause of action should be dismissed, with prejudice.

**IV. CONCLUSION**

For the reasons set forth herein, it is respectfully requested that the Court grant this Motion and dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice, as to Defendants.

DATED: April 18, 2014

GREEN & HALL, A Professional Corporation

By: [signature]
Howard D. Hall
Macey A. Chan
Attorneys for AURORA COMMERCIAL CORPORATION erroneously sued as AURORA COMMERCIAL BANK and NATIONSTAR MORTGAGE, LLC

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION